IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-00126-KD |
| | ) | |
| PATRICK LEON ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on the motion to correct filed by defendant Patrick Leon Robinson and the response filed by the United States (docs. 143, 145).[1]  A hearing was held on April 2, 2010.  Defendant Robinson, his counsel F. Luke Coley, and Assistant United States Attorney Sean Costello, counsel for the United States, appeared at the hearing.

Robinson moves the Court pursuant to Rule 36 of the Federal Rules of Civil Procedure to correct his sentence.  Robinson asserts that the Court orally pronounced at sentencing that Robinson's federal sentence would run concurrent with his yet to be imposed state sentence for offenses pending in the Circuit Court of Mobile County, Alabama.  Robinson also asserts that the Court orally pronounced its intention to allow Robinson credit for time spent in federal custody prior to sentencing.  Robinson argues that the judgment and commitment as written, do not reflect this oral pronouncement, and hence his sentence will run consecutive to the state court sentences and without credit for time in federal custody prior to sentencing.

The United States responds that the Court stated that the sentence was to be served concurrently only with any sentence imposed on state charges for the <u>same conduct</u> and did not

---

[1] Robinson also provided the Court with a letter explaining his request.

state that the sentence was to be served concurrently with any sentence imposed on state charges for other conduct.

Upon consideration of the transcript, pleadings and oral argument, and for reasons more specifically set forth on the record, the motion to correct is **DENIED**. The Court did pronounce that Robinson's federal sentence was to run concurrent with any yet to be imposed state sentence for the same conduct. However, on September 4, 2009, the state court grand jury returned a "no bill" for the same conduct offenses. Therefore, when Robinson was sentenced on December 11, 2009, there is no dispute of fact that no same conduct cases were pending in the state court, and hence, regardless of the oral pronouncement or written judgment, there were no cases with which Robinson's federal sentence could run concurrent. A modification to the judgment and commitment would be form without substance. Also, calculation of credit for time served in local custody is within the authority of the Bureau or Prisons. See 18 U.S.C. § 3585(b).

**DONE** and **ORDERED** this April 6, 2010.

> **/s/ Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**