**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 09-00126-KD** |
| | ) | |
| **PATRICK LEON ROBINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the motion to correct custody credit filed by defendant Patrick Leon Robinson (doc. 149).[1] Robinson brings his motion pursuant to Rule 36 of the Federal Rules of Civil Procedure and argues that this Court should correct the Bureau of Prisons (BOP) calculation of the amount of credit he should receive against his ten (10) month sentence. According to Robinson's calculation, he is due a credit of 149 days for time spent in custody before he was sentenced by this Court. Robinson argues that the BOP erred by giving him only eighteen (18) days credit. Robinson moves the Court to accept his recalculation credit and order the BOP to give him credit for 149 days.

Upon consideration, Robinson's motion is **DENIED** for lack of jurisdiction. The Bureau of Prisons, not this Court, "is authorized to compute sentence credit awards after sentencing." United States v. Williams, 425 F.3d 987, 990 (11th Cir.2005) (citing United States v. Wilson, 503 U.S. 329, 333-335, 112 S.Ct. 1351, 1354-1355 (1992)); Galloway v. Fisher, 2008 WL 4057803, 3 (N.D. Fla. 2008) (The federal Attorney General, "acting through the Bureau of Prisons. . . initially possesses the exclusive authority to determine when a sentence is deemed to 'commence,' . . . and to compute sentence credit awards after sentencing.") (citation omitted);

---

[1] Robinson provided the Court with a letter dated May 6, 2010, in support of his motion.

see 18 U.S.C. § 3585.

Thus, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Williams, 425 F.3d at 990 (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir.1989) (interpreting § 3585(b)'s predecessor, § 3568)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." Id. (citing United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir.2000). "Exhaustion of administrative remedies is jurisdictional." Id. (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992) (addressing denial of a § 2241 petition)).

Defendant Robinson's motion does not indicate that he has exhausted his administrative remedies with the Bureau of Prisons. Instead, Robinson moves this Court to order the BOP to change its credit calculation to match his calculation. However, the "federal courts do not have the authority under § 3585 to order the [Bureau of Prisons] to credit a prisoner with state time served." Galloway, 2008 WL 4057803 at *5 (citing United States v. Pineyro, 112 F.3d 43, 45 (2d Cir.1997)). As previously stated in this Court's order of April 6, 2010, "calculation of credit for time served in local custody is within the authority of the Bureau or Prisons." (doc. 148). Because "[e]xhaustion of administrative remedies is jurisdictional" Williams, 425 F.3d at 990 (citation omitted), this Court lacks jurisdiction over Robinson's request.

**DONE** and **ORDERED** this June 10, 2010.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**