# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>PATRICK L. ROBINSON, )<br>    Defendant. ) | CRIMINAL ACTION NO. 09-00126-KD-B |

## ORDER

This action is before the Court on Defendant Patrick L. Robinson's letter dated May 5, 2013, which the Court construes as a *pro se* Motion to Modify Sentence and Request for Documents (Doc. 223).  On September 20, 2012, Robinson's supervised release term was revoked and he was sentenced to 24-months imprisonment, "said term to run concurrently with any yet to be imposed state sentence regarding the offense conduct charged in this petition."  (Doc. 209).  In his motion, Robinson states that he is eligible to serve his state sentence outside of prison and requests that the Court allow him to do the same for his current sentence in this case.  Upon consideration, and for the reasons set forth herein, Robinson's motion is **DENIED** for lack of jurisdiction.

This Court's authority to modify an imprisonment sentence once it has been imposed is narrowly limited by statute.  See United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Specifically, 18 U.S.C. § 3582(c) provides that a court may not modify an imprisonment sentence except where (1) the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits modification; or (3) the defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.  None of the limited circumstances identified in the statute appear to exist here.

Accordingly, the Court recognizes that it has no authority to modify Robinson's sentence of imprisonment.

Robinson also requests a copy of his Judgment in a Criminal Case and the balance due on his restitution. Previously, Robinson was ordered to make restitution to the Sears Holding Corporation in the amount of $2,127.91. The docket indicates that the restitution has been paid in full (doc. 218).

Accordingly, the Clerk is directed to mail a copy of this Order, a copy of the Judgment in a Criminal Case on the revocation (doc. 209), a copy of the Judgment in a Criminal Case from the initial sentencing (doc. 135), and a copy of the Satisfaction of Criminal Monetary Penalties (doc. 218), to Robinson at the address included with his motion.

**DONE** and **ORDERED** this the 23rd day of May, 2013.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**